Griswold v. H. Paulman & Co. et al., 210 Ill. App. 45.

nor a felonious intent was shown, the judgment will be reversed.

*Reversed.*

───────

**Joseph F. Griswold, Defendant in Error, v. H. Paulman & Company and James W. Dunlap. James W. Dunlap, Plaintiff in Error.**

**Gen. No. 23,537.   (Not to be reported in full.)**

Error to the Municipal Court of Chicago; the Hon. CHARLES A. WILLIAMS, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1917. Affirmed. Opinion filed March 13, 1918. Rehearing denied March 25, 1918.

### Statement of the Case.

Action by Joseph F. Griswold, plaintiff, against H. Paulman & Company, a corporation, and James W. Dunlap, defendants, to recover for a breach of contract in the sale of an automobile. From a judgment for plaintiff for $550, on trial by the court without a jury, against defendant Dunlap, the case being dismissed as to the other defendant on plaintiff's motion, defendant Dunlap brings error.

Both defendants were served with summons. Defendant Dunlap defaulted for want of appearance, and seven months after judgment filed, a motion to vacate same, which was overruled.

WILLIAM A. JENNINGS, for plaintiff in error.

HAIGHT, BROWN, HAIGHT & HARRIS, for defendant in error.

Griswold v. H. Paulman & Co. et al., 210 Ill. App. 45.

MR. PRESIDING JUSTICE TAYLOR delivered the opinion of the court.

## Abstract of the Decision.

1. MUNICIPAL COURT OF CHICAGO, § 13*—*when statement of claim sufficient after judgment*. A statement of claim in an action for breach of contract in the sale of an automobile was sufficient after judgment entered where it set up an express oral warranty by defendants to plaintiff of a certain automobile purchased by plaintiff of defendants that it was a certain model in first-class condition, that it was not such model nor in such condition, that it had certain defects, that plaintiff expended a certain amount for repairs, and that it was wholly worthless.

2. MUNICIPAL COURT OF CHICAGO, § 13*—*when use of word defendant in plural in statement of claim without amendment not error*. The fact that the word defendant appeared in the plural in a statement of claim, in an action against two defendants, did not prevent the trial judge from properly concluding that the statement of claim without amendment would support a judgment against one defendant after his default where the other defendant was dismissed out of the case.

3. MUNICIPAL COURT OF CHICAGO, § 13*—*what constitutes sufficient verification of statement of claim*. An affidavit, attached to a statement of claim, reciting that the cause is an action upon contract for the payment of money, and that the nature of plaintiff's demand is upon a contract "as above stated," constituted a sufficient verification to comply with rule 16 of the Municipal Court, requiring a plaintiff to file with his statement of claim an affidavit sworn to by him stating he has knowledge of the facts, showing the nature of his demand or verifying the statement of claim.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.